**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PATRICK SAUNDERS | ) | Case No. 1:12-cv-01888-ARR-SMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | |
| BALSAMO & ROSENBLATT, LLP and | ) | **Jury Trial Demanded** |
| 1247 DEAN LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and N.Y. Gen. Bus. Law § 349.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4.     Plaintiff, Patrick Saunders ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Kings, and City of Brooklyn.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Balsamo & Rosenblatt, LLP ("Balsamo"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Balsamo is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      1247 DEAN LLC ("Dean") is a New York Limited Liability Company.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Balsamo.

10.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Balsamo, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11.     Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Balsamo.

12.     Plaintiff's alleged obligation is for defaulted rental payments due to Dean.

13.     Dean enters into apartment lease agreements with consumers.

14.     Upon information and good-faith belief, the apartment lease agreements are virtually identical with respect to each consumer.

15.     Balsamo uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

16.     On May 14, 2009, Plaintiff entered into an Apartment Lease Agreement ("Agreement') with Dean for $900.00 per month, and the Agreement stated, in relevant part:

> "Landlord may charge the Tenant a late fee of (1) $25, or (2) 1½% of the sum due, each month, as added rent."

(*See* Lease, attached hereto as Exhibit A).

17.     In connection with collection of an alleged debt in default, Balsamo, itself and on behalf of Dean, sent Plaintiff initial written communication dated August 19, 2011, and in said communication, demanded payment from Plaintiff in the total amount of $6052.50, including alleged accrued late fees in the amount of $800.00.   (*See* correspondence, attached hereto as Exhibit B).

18.     The amount of $6052.50 demanded in the August 19, 2011 correspondence included late fees charged in the amount of $50.00 per month.

19.     Upon information and good-faith belief, Dean regularly charges late fees in the amount of $50.00 per month despite such amount being greater than allowable under its apartment lease agreements.

20.     Further, in its August 19, 2011 correspondence, Balsamo stated in relevant part:

> **TAKE NOTICE**, that you are justly indebted to the Landlord of the above described premises in the sum of $6052.50 for rent of said premises from March 1, 2011 to August 31, 2011, which you are required to pay to on or before AUG 30 2011 date following expiration of five (5) days from the service of this Notice, or surrender up the possession of said premises to the landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover the possession thereof.

(See Correspondence dated August 19, 2011, attached hereto as Exhibit "B") (emphasis in original).

21. Balsamo's statement would lead a least sophisticated consumer to erroneously believe that the only way to prevent immediate action by Balsamo, including but not limited to, evicting Plaintiff on behalf of Dean, would be by paying the sum of $6052.50 by August 30, 2011, and as such, Balsamo's statement overshadowed the disclosures provided pursuant to 15 U.S.C. §1692(g).

22. Plaintiff received Balsamo's August 19, 2011 initial written communication on August 22, 2011. (*See* Affidavit of Service, attached hereto as Exhibit C).

23. On September 9, 2011, within the initial 30-day dispute period, Plaintiff sent written communication disputing the alleged debt and demanded verification of the alleged debt. (*See* correspondence, attached hereto as Exhibit D).

24. In connection with collection of an alleged debt in default, on September 13, 2011, Balsamo, itself and on behalf of Dean, filed a Petition for Non-Payment ("Petition") against Plaintiff alleging that Plaintiff owed the amount of $6052.50, which included $50.00 monthly late fee charges.

25. Balsamo received Plaintiff's dispute letter on September 14, 2011 at 4:05 P.M.

26. Plaintiff was served with the Petition on September 16, 2011.

27. On September 30, 2011, Plaintiff filed his Answer in Writing and Verification ("Answer") to the Petition.

28. In Plaintiff's September 30, 2011 Answer, Plaintiff again disputed the amount of the alleged debt. (*See* Answer, attached hereto as Exhibit E).

29.     Between September 14, 2011 and January 10, 2012, Balsamo did not provide any form of validation to Plaintiff, despite having received Plaintiff's dispute letter on September 14, 2011.

30.     Balsamo and Plaintiff attended a hearing with regard to Defendant's Petition on January 10, 2012.

31.     Prior to the hearing, Balsamo demanded that Plaintiff sign a Stipulation of Settlement ("Stipulation").

32.     Despite the fact that Plaintiff disputed the alleged debt in September of 2011, Balsamo refused to provide verification of the alleged debt until after Plaintiff agreed to sign the Stipulation on January 10, 2012.

33.     Also, the copy of the rent breakdown provided by Balsamo to Plaintiff on January 10, 2012 failed to include cashed check SP63747060 in the amount of $488.25.

34.     Balsamo falsely represented the amount of the alleged debt in both its initial written communication dated August 19, 2011, in its Petition filed on September 13, 2011, and in the January 10, 2012 rent breakdown.

35.     Balsamo attempted to collect an amount from Plaintiff that the Agreement did not expressly authorize in both its initial written communication dated August 19, 2011 and its Petition filed on September 13, 2011, and continued to assert its entitlement to such an amount during settlement negations with Plaintiff on January 10, 2012.

36.     Balsamo used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, refusing to provide the requested verification prior to Plaintiff signing the Stipulation.

37.     Balsamo and Dean's actions constitute conduct highly offensive to a reasonable person, and as a result, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

38.     As a result of Balsamo and Dean's unfair and unconscionable means against Plaintiff in attempting to collect the outstanding debt alleged due, Plaintiff has suffered extreme mental anguish and emotional distress requiring Plaintiff to see his doctor and psychiatrist and resulting in Plaintiff being placed on medication.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### DEFENDANT BALSAMO

39.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38.

40.     Balsamo violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(1)
## DEFENDANT BALSAMO

41.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38.

42.    Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff that is not expressly authorized by the agreement creating the debt when attempting to collect an amount that included unauthorized late fees in the amount of $50.00 per month.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

    b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692f**
**DEFENDANT BALSAMO**

43.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38.

44.     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692f;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692g(b)**
**DEFENDANT BALSAMO**

45.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38.

46.     Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF N.Y. GEN. BUS. LAW § 349**
**DEFENDANT BALSAMO**

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38.

48.     Balsamo violated N.Y. Gen. Bus. Law § 349 by using deceptive acts or practices in the conduct in its business, trade, or commenrce, when attempting to collect an alleged debt from Plaintiff which included late fees in an amount greater than that permitted by the Apartment Lease Agreement.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Balsamo violated N.Y. Gen. Bus. Law § 349;

b) Adjudging that Balsamo willfully or knowingly violated N.Y. Gen. Bus. Law § 349;

c)  Awarding Plaintiff statutory damages, pursuant to N.Y. Gen. Bus. Law § 349(h), in the amount of $50.00;

d)  Awarding Plaintiff actual damages, pursuant to N.Y. Gen. Bus. Law § 349(h);

e)  Awarding Plaintiff three times actual damages, not to exceed $1,000.00, pursuant to N.Y. Gen. Bus. Law § 349(h);

f)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.Y. Gen. Bus. Law § 349(h);

g)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF N.Y. GEN. BUS. LAW § 349
## DEFENDANT DEAN

49.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38.

50.  Dean violated N.Y. Gen. Bus. Law § 349 by using deceptive acts or practices in the conduct in its business, trade, or commerce, when charging, and attempting to collect, late fees from Plaintiff in an amount greater than that permitted by the Apartment Lease Agreement.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Dean violated N.Y. Gen. Bus. Law § 349;

b) Adjudging that Dean willfully or knowingly violated N.Y. Gen. Bus. Law § 349;

c) Awarding Plaintiff statutory damages, pursuant to N.Y. Gen. Bus. Law § 349(h), in the amount of $50.00;

d) Awarding Plaintiff actual damages, pursuant to N.Y. Gen. Bus. Law § 349(h);

e) Awarding Plaintiff three times actual damages, not to exceed $1,000.00, pursuant to N.Y. Gen. Bus. Law § 349(h);

f) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.Y. Gen. Bus. Law § 349(h);

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

51. Plaintiff is entitled to and hereby demands a trial by jury.


This 13th day of July, 2012.


ATTORNEYS FOR PLAINTIFF
*Patrick Saunders*

Respectfully submitted,


/s/  Dennis R. Kurz  ___
Dennis R. Kurz
NY Bar No. 4570453

*Amended Complaint*
*Page 11 of 12*

*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

## CERTIFICATE OF SERVICE

I certify that on July 13, 2012, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of New York, using the electronic case filing system of the court.

/s/  Dennis R. Kurz  ____
Dennis R. Kurz